DeMOSS, Circuit Judge,
specially concurring:
We hold today that the six police officers who breached Scott Rockwell’s bedroom door and ultimately shot him to death are entitled to qualified immunity under federal law and official immunity under Texas state law. Noting that the state of the law in these particular circumstances remains relatively primitive, I join the majority opinion in full. I write separately to express disapproval of and disappointment with the officers’ actions during the course of this sad incident.
The salient facts are these. The first officer arrived at Scott’s residence at 8:45 p.m. and five other officers arrived in the next few minutes. They knew that Scott was a bipolar schizophrenic; that he was off his medication and perhaps on illegal drugs; that he had threatened his parents in the past and he had done so again that night; and that he had been taken into custody in the past. Yet they also knew that they had not witnessed him commit a crime; that he had not harmed anyone; that his parents did not want him arrested that night or harmed in any way; and that he had locked himself inside of his own room away from his parents and any other person. While the officers knew he had attempted suicide in the past, they had no indication that he intended on hurting himself that night or that he had knives in his room. Nevertheless, less than 30 minutes after the first officer arrived at the residence, Scott lay dying from four gunshot wounds.
It is undisputed that Scott was in no position to harm any other person while locked in his bedroom. Yet the officers escalated the situation before even 30 minutes had passed by breaching his bedroom door without a warrant and with firearms drawn. As I see it, they provoked a man they knew to be mentally ill into a violent *997 reaction. They did not allow for any time to defuse the situation or implement the safest procedures possible to take him into custody. Preventing a possible suicide is a worthy goal, but an armed entry that heightens the risk to the potential victim’s life certainly is not the best way to accomplish that goal.
Patience, judgment, and discretion are highly important virtues for law enforcement personnel to possess; in my judgment the officers exercised none of them in this case. While their conduct is not legally actionable, neither is it admirable. I urge the City of Garland police department and other law enforcement agencies to better prepare officers for foreseeable volatile situations involving mentally ill citizens and to practice negotiation techniques or less-than-lethal arrest procedures that will not needlessly risk the lives of those who seem to be mentally unable to control themselves.[8] Insanity is a defense our legal system offers to mentally ill defendants; it is not an invitation for law enforcement personnel to take unnecessary actions that heighten the risk of harm or death to mentally ill suspects.
Scott’s mental illness certainly added a tragic dynamic to his life, but it did not need to cause his death. In my opinion, the officers should have been trained to use better judgment in their approach to volatile and unfortunate situations such as this one. This entire case should have been avoided. Scott should be alive today — perhaps in a medical facility or under court supervision, but alive nonetheless. All this being said, the majority is correct in its legal judgments. As such, I concur.

. More effective and less lethal methods of capture and control are currently used in prisons and with wild animals — e.g., protective shields or police gear, nets, tranquilizers — and should also be options in situations such as these.